**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

|  |  |  |
|---|---|---|
| | ) | C/A No.:  0:21-cv-0458-RMG |
| | ) | |
| Francis Simmons, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Warden Robinson; Captain McBride; | ) | |
| Captain Brown; Officer Flathers, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court grant Defendants' motion for summary judgment.  (Dkt. No. 65).  For the reasons stated below, the Court adopts the R & R as the Order of the Court.

## I.    Background

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 arising out of an incident that occurred on August 9, 2014, where Plaintiff alleges that Defendants utilized excessive force while attempting to restrain Plaintiff and escorting him to lockdown.  Defendants filed a motion for summary judgment to dismiss the case.  (Dkt. No. 39).  Plaintiff filed a response in opposition as supplemented.  (Dkt. Nos. 53, 51, 62).  Defendants replied.  (Dkt. No. 54). The matter is ripe for the Court's review.

## II.    Legal Standard

### a.  Summary Judgment

1

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### b. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This

Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically

objects.  Fed. R. Civ. P. 72(b)(2).  Where Plaintiff fails to file any specific objections, "a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  "Moreover,

in the absence of specific objections to the R & R, the Court need not give any explanation for

adopting the recommendation."  *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015).  *See also Camby v. Davis*, 718 F.2d 198, 200 (4th

Cir.1983).  Plaintiff has not filed objections in this case and the R & R is reviewed for clear error.

### III.    Discussion

Upon a review of the record, the Court finds the Magistrate Judge comprehensively analyzed

the issues to determine that Plaintiff's claim is barred by the applicable statute of limitations.  (Dkt.

No. 65 at 3-4).  Plaintiff brings a § 1983 excessive force claim arising out of an incident that

allegedly occurred around August 9, 2014.  The applicable statute of limitations for a § 1983 claim

arising in South Carolina is three years. *Brannon v. Blanton*, C/A/ No. 9:15-2434-CMC, 2016 WL

4232886, at * 2 (D.S.C. Aug. 11, 2016).  The record reflects that Plaintiff alleged in his Step 1

Grievance regarding the incident that the incident took place on September 15, 2014.  (Dkt. No.

39-4 at 1).  Plaintiff filed the instant action on February 8, 2021.  (Dkt. No. 1-1 at 15).  Regardless

of whether the incident occurred on August 9 or September 15, 2014, this action was filed more

than three years after the event giving rise to his claims.

The three-year statute of limitations may be tolled where an inmate files a grievance within the

prison concerning the incident at issue in the § 1983 claim.  *Battle v. Ledford*, 912 F.3d 708, 118-

20 (4th Cir. 2019).  Here, Plaintiff filed a Step 1 grievance on October 13, 2014, describing the incident and requesting his sole relief that he be separated from one of the officers involved in the incident.  (Dkt. No. 39-4).   The grievance was forwarded on October 30, 2014, to the Division of Police Services for review.   The grievance was held in abeyance until the investigation was complete and resumed normal processing once the grievance was returned to Plaintiff.  (*Id.*).  The Warden's response indicates that Plaintiff's request for relief that he be separated from the officers involved in the incident was granted.  (Dkt. No. 39-4 at 2).

On October 2, 2015, Plaintiff accepted the Warden's decision, which closed the matter.  (*Id.*). Plaintiff did not file a Step 2 grievance.  (Dkt. No. 39-3 at 4).  In response to Defendants' motion for summary judgment Plaintiff appears to argue that he wanted to file a Step 2 grievance but was lied to by the officers that the issue was dead.  (Dkt. No. 53 at 2).  Plaintiff does not contest that he accepted the Warden's decision that the matter was closed, and that he was granted his requested relief.  Plaintiff has not otherwise demonstrated that there is something in his case that made the administrative remedies unavailable to him and there is no issue of material fact that Plaintiff was not prevented from pursuing further administrative remedies.  *Ross v. Blake*, 578 U.S. 632 (2016) (describing the limited circumstances where exhaustion may be excused).  Therefore, Plaintiff's claims are barred by the statute of limitations.

IV.    **Conclusion**

For the reason stated above, the Court **ADOPTS** the R & R as the Order of the Court.  (Dkt. No. 65).  Defendants' motion for summary judgment is **GRANTED**.  (Dkt. No. 39).  Plaintiff's complaint is **DISMISSED**.  (Dkt. No. 1).

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

4

May 23,2022
Charleston, South Carolina